UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

BINYOMIN NEUSTADT,

Plaintiff,

v.

Case No: 5:25-cv-00624-CEM-PRL
(Consolidated with
Case No: 5:26-cv-33-CEM-PRL)

MICHAEL ULLRICH, RED CARPET INN LTD., STONECREST INVESTMENT HOLDINGS, INC., FOLMAR INVESTMENTS LLC, and 1023190509 SASKATCHEWAN LTD.,

Defendants.

---

RED CARPET INN LTD., a Canadian corporation, and 1023190509 SASKATCHEWAN LTD., a Canadian corporation, and FOLMAR INVESTMENTS, LLC, a Florida limited liability company, in their derivative capacities on behalf of Stonecrest Investment Holdings, Inc.,

Counter-Plaintiffs,

and

STONECREST INVESTMENT HOLDINGS, INC., a Florida corporation,

Nominal Plaintiff,

v.

BINYOMIN NEUSTADT,

Counter-Defendant.

# AGREED PROTECTIVE ORDER

THIS CAUSE is before the Court on Plaintiff/Counter-Defendant, Binyomin Neustadt's ("Mr. Neustadt"), Emergency Motion for Protective Order Regarding Witness Intimidation (Doc. 68) (the "Motion"). On August 28, 2026, Defendant, Michael Ullrich ("Mr. Ullrich"), Defendant/Counter-Plaintiffs, Red Carpet Inn, Ltd. ("RCI"), 1023190509 Saskatchewan Ltd. ("Saskatchewan") and Folmar Investment Holdings, LLC ("Folmar"), and Nominal Plaintiff, Stonecrest Investment Holdings, Inc. ("Stonecrest")[1] filed Defendant, Defendants/Counter-Plaintiffs and Nominal Plaintiff's: (1) Memorandum in Opposition to Emergency Motion for Protective Order Regarding Witness Intimidation; and (2) Response to Order to Show Cause with Incorporated Memorandum of Law (Doc. 74).

On September 4, 2026, the Court entered an Order (Doc. 77): (1) granting the Motion in part; and (2) directing the parties to meet and confer to file a joint proposed protective order representing the parties' agreed upon resolution of the issues raised by the Motion. (ECF No. 77 at 4). The parties (through counsel) having conferred (and reached an agreement) pursuant to Local Rule 3.01(g) and the Court's Order, it is hereby:

[1] Mr. Neustadt, Mr. Ullrich, RCI, Saskatchewan, Folmar and Stonecrest are collectively the "Parties."

ORDERED as follows:

1. The Parties shall not directly communicate with each other regarding this Litigation. Likewise: (a) Mr. Ullrich, RCI, Saskatchewan and Folmar shall not directly communicate with Brian Haines ("Mr. Haines") concerning this Litigation; and (b) Mr. Haines shall not directly communicate with Mr. Ullrich, RCI, Saskatchewan and Folmar regarding this Litigation.

2. For purposes of this Order, "Litigation" includes: (a) the Parties' claims/defenses; and (b) any proceedings in this case (including but not limited to depositions and hearings). Nothing in this paragraph prohibits the Parties (and Mr. Haines) from directly communicating with each other regarding: (a) the day-to-day business operations of the Stonecrest Golf Course; or (b) any other subject matter unrelated to this Litigation.

3. The prohibitions set forth in this Order apply to communications (related to the Litigation) made (directly or indirectly) by any means (*i.e.*: (a) in person; (b) telephone; (c) text message; (d) email; or (e) social media), including through any: (1) agent (excluding counsel); (2) employee; or (3) other person acting on the Parties' behalf.

4. Nothing in this Order prohibits the Parties' communications regarding the Litigation between or through counsel.

5. This Order shall remain in effect until further order of the Court.

DONE and ORDERED in Ocala, Florida on October 7, 2026.

PHILIP R. LAMMENS
United States Magistrate Judge

Copies furnished to:

Counsel of Record
Unrepresented Parties